UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NEXT MILLENNIUM REALTY LLC and 101 FROST STREET ASSOCIATES, L.P.,

                     Plaintiffs,

   -against-

UTILITY MANUFACTURING CO., INC. and NEST EQUITIES, INC.,

                     Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Civil Action No.:  22-CV-2529

---

Plaintiffs Next Millennium Realty LLC ("Next Millennium") and 101 Frost Street Associates, L.P. ("101 Frost Street") (together, "Plaintiffs"), complaining of Defendants Utility Manufacturing Co., Inc. ("Utility") and Nest Equities, Inc. ("Nest") (together, "Defendants"), allege as follows:

## INTRODUCTION

1. This is an action under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. Section 9601 et seq. ("CERCLA") for contribution and indemnification for past and future response costs under Sections 107 and 113(f) of CERCLA; and declaratory judgment under Section 107 of CERCLA and the Declaratory Judgment Act, 28 U.S.C. Section 2201, holding Defendants jointly and severally liable for past and future response costs incurred by Plaintiffs at the Site (defined below).

## PARTIES

2. Plaintiff Next Millennium is a New York Limited Liability Company formed under the laws of the State of New York with a principal place of business in Nassau County, New York.

3. Plaintiff Next Millennium is the current owner of the property located at 89 Frost Street, Westbury, New York.

4. Plaintiff 101 Frost Street is a New York Limited Partnership formed under the laws of the State of New York with a principal place of business in Nassau County, New York.

5. Plaintiff 101 Frost Street is the current owner of the property located at 101 Frost Street, Westbury, New York.

6. Upon information and belief, Defendant Utility is a New York Corporation incorporated under the laws of New York State with a principal place of business in Nassau County, New York.

7. Upon information and belief, Defendant Utility is the current, or former, owner of the property located at 700 Main Street, Westbury, New York.

8. Upon information and belief, Defendant Nest is a corporation organized under the laws of the State of New York, with a principal place of business in Nassau County, New York.

9. Upon information and belief, Defendant Nest is the current, or former, owner of a facility located at 700 Main Street, Westbury, New York.

10. Plaintiffs and Defendants are collective referred to as the "Parties."

## JURISDICTION AND VENUE

11. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C §§ 1331, 1337, and 1343; and 42 U.S.C. §§ 9607(a) and 9613(b).

12. The Court has the authority to issue a declaratory judgment concerning the rights and liabilities of the parties pursuant to 42 U.S.C. § 9613(b).

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 9613(b) because the facts giving rise to the claims in this action occurred in the

County of Nassau and State of New York, and within the jurisdiction of the Eastern District of New York. The Parties reside and conduct, or have conducted, business within the jurisdiction of the United States District Court for the Eastern District of New York.

## BACKGROUND

14. In September of 2011, the United States Environmental Protection Agency (the "EPA") listed an area of contamination located, in part, in the Town of Hempstead, New York, as the New Cassel/Hicksville Groundwater Contamination Superfund Site (the "Site").

15. The Site comprises an area of groundwater that is contaminated with chemicals and chemical compounds listed, identified or regulated under law as "Hazardous Substances" under CERCLA within the Towns of North Hempstead, Hempstead, and Oyster Bay, Nassau County, New York, and associated source areas (the "Contamination"). The Site is estimated to include 6.5 square miles.

16. Within the Site is the New Cassel Industrial Area ("NCIA"), an approximately 170-acre area of land, bounded by the Long Island Railroad to the north, Frost Street to the east, Old Country Road to the south, and Grand Boulevard to the southwest.

17. The investigation and remediation of the Site is divided into several operable units, including Operable Unit-1 ("OU-1").

18. OU-1 addresses an area of shallow and deep groundwater Contamination, approximately 211 acres in size, within and downgradient of the NCIA, within the Towns of North Hempstead and Hempstead.

19. In September of 2013, based on the results of the Supplemental Remedial Investigation and Feasibility Study for OU-1, dated July of 2013, EPA issued the Record of Decision ("ROD") for OU-1, in which it selected a remedy for OU-1. The OU-1 remedy, includes,

but is not limited to: (1) a combination of in-situ treatment of groundwater via in-well vapor stripping and extraction of groundwater via pumping and ex-situ treatment of extracted groundwater prior to the discharge to a POTW or reinjection to the groundwater (to be determined during design); (2) in-situ chemical treatment of high concentration contaminant areas, as appropriate; (3) implementation of long-term monitoring of groundwater in OU-1 to ensure the Remedial Action Objectives are achieved; (4) development of a Site Management Plan to ensure the proper management of the remedy post-construction; and (5) institutional controls consisting of maintaining any existing local requirements to prevent installation of drinking water wells and issuing informational devices to limit exposure to contaminated groundwater.

20. EPA divided OU-1 into three distinct shallow plumes, identified as the "Eastern Plume," the "Central Plume," and the "Western Plume," together with a deeper plume flowing under the Eastern Plume (the "OU-1 Deep Plume").

21. EPA noticed the Parties in this action (Next Millennium, 101 Frost Street, Utility, and Nest) that they are responsible parties under CERCLA for the Eastern Plume and OU-1 Deep Plume, and demanded the Parties investigate and remediate the Eastern Plume, consisting primarily of Tetrachloroethylene ("PCE"), a Hazardous Substance, and the OU-1 Deep Plume, consisting primarily of Trichloroethylene, a Hazardous Substance.

22. On March 22, 2018, EPA issued a Unilateral Administrative Order ("UAO") directing the Parties to implement an additional Remedial Investigation and Remedial Design ("RI/RD") for the Eastern Plume and the OU-1 Deep Plume.

23. The UAO states that Defendant Nest is the "current owner of a facility located at 700 Main Street, Westbury, New York, at which, among other things, PCE was disposed, and thus

it is a responsible party within the meaning of Section 107(a)(1) of CERCLA" for the Contamination in the Eastern Plume and OU-1 Deep Plume.

24. The UAO also states that Defendant Utility "disposed of, among other things, PCE while operating a facility located at 700 Main Street, Westbury, New York, and thus it is a responsible party within the meaning of Section 107 of CERCLA" for the Contamination in the Eastern Plume and OU-1 Deep Plume.

25. On June 15, 2019, EPA issued an amended UAO directing the Parties to implement an additional RI/RD for the Eastern Plume and the OU-1 Deep Plume. The 2018 UAO and 2019 Amended UAO are together referred to, hereinafter, as the "UAO."

26. The UAO identified the Parties in this action (Next Millennium, 101 Frost Street, Utility, and Nest") as the "Eastern Plume Group Respondents."

27. The UAO orders the Eastern Plume Group Respondents jointly and severally liable for response costs at the Site including the "Common Work Elements" and the "OU-1 Statement of Work" as these terms are defined in the UAO.

28. Plaintiffs have complied with the amended UAO and Plaintiffs are incurring response costs in implementing the RI/RD as defined in the ROD and UAO, including but not limited to engineering fees, attorneys' fees, and other expenses and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

29. Plaintiffs have incurred response costs, as defined under CERCLA, and continue to incur response costs in implementing the UAO, including but not limited to engineering fees, attorneys' fees, and other expenses and costs relating to mitigating environmental conditions for

the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

30. As set forth in the UAO, Defendants are jointly and severally liable for the response costs Plaintiffs have incurred, is incurring, and will incur in implementing the UAO.

31. Upon information and belief, Defendants have failed to incur any response costs, or share in the incurrence of response costs, in implementing the UAO.

32. Plaintiffs have also incurred response costs *prior* to the issuance of the UAO associated with the remediation, investigation, design, and negotiation of consent orders, concerning the Eastern Plume and the OU-1 Deep Plume, including but not limited to engineering fees, attorneys' fees, and other expenses and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

33. Defendants are jointly and severally liable under CERCLA for the response costs Plaintiffs incurred prior to the issuance of the UAO.

34. Upon information and belief, Defendants have failed to incur any response costs, or share in the incurrence of response costs for OU-1, including the Eastern Plume and/or the OU-1 Deep Plume, prior to the issuance of the UAO.

35. Plaintiffs will continue to incur future response costs in implementing the UAO, including but not limited to engineering fees, attorneys' fees, and other expenses and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

36. Defendants are jointly and severally liable under CERCLA for the future response costs Plaintiffs will incur in implementing the UAO.

37. Upon information and belief, Defendants refuse to share in the future response costs in implementing the UAO.

38. Plaintiffs have also incurred response costs, not including those associated with the UAO, in response to the Contamination at the Site, including but not limited to engineering fees, attorneys' fees, and other expenses and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

39. Defendants are jointly and severally liable under CERCLA for the response costs incurred in responding to the Contamination at the Site.

40. Upon information and belief, Defendants have failed to incur any response costs, or share in the incurrence of response costs for the Contamination at the Site.

41. Defendants are either current, former or successor operators, arrangers and/or owners of CERCLA sites and have contributed to the Contamination at the Site, and the groundwater Contamination at the Eastern Plume and the OU-1 Deep Plume.

42. As such, Defendants are liable as owners, arrangers, and/or operators under CERCLA for the past and future response costs incurred or to be incurred by Plaintiffs in connection with the investigation and/or remediation of the Site and the Eastern Plume and the OU-1 Deep Plume.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR COST RECOVERY UNDER SECTION 107(a) of CERCLA

43. Plaintiffs restate and reallege all of the foregoing allegations as if fully set forth herein.

44. The Site, including the Defendant's property located at 700 Main Street, Westbury, New York, is a "facility" as defined under Section 101(9) of CERCLA.

45. Plaintiffs are "persons" as defined under Section 101(21) of CERCLA.

46. Hazardous Substances were released, discharged, and/or disposed of at 700 Main Street, Westbury, New York, which have impacted the soil and groundwater beneath and at the Site.

47. At the time of the releases, discharges, and/or disposal, Defendants, either directly or indirectly, managed, directed, or conducted operations that resulted in the release of hazardous substances at a facility as defined under CERCLA.

48. These activities and other activities yet to be identified constitute a disposal of Hazardous Substances at the facility and Site by Defendants.

49. Thus, Defendants are liable as owners, arrangers, and/or operators under Section 107(a) of CERCLA.

50. Plaintiffs have incurred response costs to date and will incur additional response costs in the future for the investigation and remediation of the soil and groundwater Contamination on and beneath the Site, including but not limited to engineering fees, attorneys' fees, and other expenses and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

51. These response costs incurred and to be incurred by Plaintiffs are consistent with the National Contingency Plan.

52. Defendants are liable to Plaintiffs under Section 107 of CERCLA for the response costs incurred by Plaintiffs to date and to be incurred in the future related to the investigation and remediation of the Site, including response costs incurred pursuant to the UAO.

**AS AND FOR A SECOND CAUSE OF ACTION**
**FOR CONTRIBUTION UNDER SECTION 113(f)(1) OF CERCLA**

53. Plaintiffs restate and reallege all of the foregoing allegations as if fully set forth herein.

54. Pursuant to Section 113(f)(1) of CERCLA, "any person may seek contribution from any other person who is liable or potentially liable under [Section 107(a) of CERCLA], during or following any civil action under [Section 106 or 107(a) of CERCLA]."

55. Each Defendant is a "person" within the meaning of Section 113(f)(1) of CERCLA.

56. Each Defendant is liable or potentially liable under Section 107(a) of CERCLA.

57. Plaintiffs have incurred response costs to date and will incur additional response costs in the future for the investigation and/or remediation of the soil and groundwater on and beneath the Site, including but not limited to engineering fees, attorneys' fees, and other expenses and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

58. Plaintiffs are entitled to contribution from each Defendant under Section 113(f)(1) of CERCLA or the response costs Plaintiffs have incurred and will incur in responding to the release or threatened release of Hazardous Substances from the Site.

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR A DECLARATORY JUDGMENT UNDER**
**SECTION 113(g)(2) OF CERCLA**

59. Plaintiffs restate and reallege all of the foregoing allegations as if fully set forth herein.

60. Plaintiffs have incurred response costs to date and will incur additional response costs in the future for the investigation and/or remediation of the soil and groundwater on and beneath the Site, including but not limited to engineering fees, attorneys' fees, and other expenses

and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

61. An actual controversy exists between Plaintiffs and Defendants concerning the obligations and legal liability for response costs which have been incurred and will be incurred in the future by Plaintiffs in connection with the investigation and remediation of Contamination at the Site.

62. Defendants are liable to Plaintiffs under CERCLA and New York State Common Law, as specified in this Complaint.

63. Absent a judicial declaration setting forth the Parties' rights and obligations with respect to these response costs, a multiplicity of actions may result. Pursuant to 28 U.S.C. § 2201, Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and Section 3001 of the New York Civil Practice Law and Rules, Plaintiffs seek entry of a judgment declaring that each Defendant is liable as alleged in this Complaint, and setting forth each Defendant's share of liability to Plaintiffs for all response costs that have been incurred and for all future response costs that may be incurred by Plaintiffs in connection with the investigation and remediation of the Site, including, but not limited to those incurred pursuant to the UAO.

**AS AND FOR A FOURTH CAUSE OF ACTION
FOR A DECLARATORY JUDGMENT UNDER
<u>SECTION 107(a)(4)(b) OF CERCLA</u>**

64. Plaintiffs restate and reallege all of the foregoing allegations as if fully set forth herein.

65. As specified above, Defendants have liability as operators and owners under CERCLA.

66. Plaintiffs have incurred response costs to date and will incur additional response costs in the future for the remediation of the soil and groundwater on and beneath the Site, including but not limited to engineering fees, attorneys' fees, and other expenses and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs. The response costs include the amounts paid for the investigation and remediation of the soil and groundwater Contamination and the implementation of the remedy for the Site. Defendants are responsible parties under CERCLA for these response costs.

67. Plaintiffs are entitled to a declaratory judgment pursuant to Section 107(a)(4)(B) holding Defendants responsible for the existence of hazardous substances at the Site and Defendants liable for the current and future response costs for the Site.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A DECLARATORY JUDGMENT UNDER THE DECLARATORY JUDGMENT ACT

68. Plaintiffs restate and reallege all of the foregoing allegations as if fully set forth herein.

69. As specified above, Defendants have liability as operators and owners under CERCLA.

70. Plaintiffs have incurred response costs to date and will incur additional response costs in the future for the remediation of the groundwater on and beneath the Site. These response costs include any and all reimbursement of EPA for past and future response costs incurred by EPA. Defendants are responsible parties under CERLCA for EPA's costs.

71. Plaintiffs have incurred cost and will incur additional response costs investigation and remediating the Site, including but not limited to engineering fees, attorneys' fees, and other

expenses and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

72. Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201(a) holding Defendants responsible for the existence of hazardous substances at the Site and holding Defendants liable for the current and future response costs for the Site.

### AND AS FOR A SIXTH CAUSE OF ACTION
### FOR COMMON LAW INDEMNIFICATION

73. Plaintiffs restate and reallege all of the foregoing allegations as if fully set forth herein.

74. Plaintiffs may be lawfully compelled to incur response costs and damages in investigating and remediating Hazardous Substances and Contamination disposed of by each Defendant at the Site, including but not limited to engineering fees, attorneys' fees, and other expenses and costs relating to mitigating environmental conditions for the benefit of and/or closely tied to the cleanup effort and/or serving a statutory purpose apart from reallocation of costs.

75. Each Defendant is required to indemnify Plaintiffs for any response costs or damages that Plaintiffs may incur in connection with the Site as a result of Defendants actions or failures to act relating to mitigating costs and damages at the Site, including but not limited to engineering fees, attorneys' fees, other expenses and costs relating to mitigating environmental conditions.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### FOR RESTITUTION

76. Plaintiffs restate and reallege all of the foregoing allegations as if fully set forth herein.

77. Defendants have and continue to have duties and obligations to investigate and remediate and abate the Hazardous Substances and Contamination at the Site.

78. Defendants have failed and continue to fail to perform their duties or to satisfy their obligations, which have been and continue to be performed and satisfied by Plaintiffs incurring past and/or future response costs or damages owned and owing by Defendants relating to mitigating costs and damages at the Site, including but not limited to engineering fees, attorneys' fees, other expenses and costs relating to mitigating environmental conditions. Plaintiffs therefore are entitled to compensation from Defendants.

**WHEREFORE**, Plaintiffs demand judgment on the Complaint, as follows:

1. On the First Cause of Action, monetary judgment against Defendants for all costs incurred by Plaintiffs to the date of the judgment;

2. On the Second Cause of Action, monetary judgment against Defendants for Defendants' share of responses costs incurred by Plaintiffs to the date of the judgment;

3. On the Third, Fourth, and Fifth, Causes of Action, a declaratory judgment holding Defendants liable for all response costs incurred by Plaintiffs to date, to be incurred in the future;

4. On the Sixth Cause of Action, ordering Defendants to indemnify Plaintiffs for any response costs or damages that Plaintiffs may incur in connection with the Site;

5. On the Seventh Cause of Action, monetary judgment against Defendants for all response costs incurred by Plaintiffs to the date of the judgment; and

6. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. Pro. 38, Plaintiffs demand a jury on all issues so triable.

Dated: May 3, 2022
       Albany, New York

                                   WHITEMAN OSTERMAN & HANNA LLP

By:    */s/ Jon E. Crain*
        Jon E. Crain, Esq.
        Hilda M. Curtin, Esq.
        *Attorneys for Plaintiffs*
        Next Millennium Realty, LLC
        101 Frost Street Associates, L.P.
        One Commerce Plaza, Suite 1900
        Albany, New York 12260
        (518) 487-7600