**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
NEXT MILLENNIUM REALTY LLC and 101 FROST
STREET ASSOCIATES, L.P.,

                *Plaintiffs*,


        -against-

UTILITY MANUFACTURING CO., INC. and NEST
EQUITIES, INC.,

                *Defendants*.
--------------------------------------------------------------------X

**FILED**
**CLERK**
**2/11/2026**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
22-CV-02529 (OEM) (JMW)

**A P P E A R A N C E S:**

Sadhanand D. Devaprasad
**The West Firm PLLC**
Peter Kiernan Plaza
575 Broadway, 2nd Floor
Albany, NY 12207
*Attorney for Plaintiffs*

Joseph F. Castiglione
Dean S. Sommer
**Young Sommer LLC**
500 Federal Street, 5th Floor
Troy, NY 12180
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Plaintiffs Next Millennium Realty LLC and 101 Frost Street Associates, L.P., (the "Plaintiffs") commenced this action against the Defendants, Utility Manufacturing Co., Inc., and Nest Equities, Inc., (collectively, the "Defendants") alleging claims pursuant to the Comprehensive Environmental Response Compensation and Liability Act ("CERCA"), 42 U.S.C. § 9601 *et seq.*, for contribution and indemnification for past and future response costs under Sections 107 and 113(f) of CERCLA; and declaratory judgment under Section 107 of

1

CERCLA and the Declaratory Judgment Act, 28 U.S.C. § 2201. (*See generally*, ECF No. 1.) Now before the Court is Plaintiffs' Motion to Reopen Discovery (ECF No. 44), in which Plaintiffs argue that they meet the requisite legal requirements and there is a good cause for reopening further discovery. (*Id*.) Defendants oppose this application while seeking leave to re-open only expert discovery. (ECF No. 48.) In turn, Plaintiffs argue that the opposition only further supports their position, and at the same time, Plaintiff seeks preclusion of Defendants' untimely expert disclosure[1]. (ECF No. 50.) Discovery in this action has been deemed closed as of December 31, 2024. (*See* Electronic Order dated 5/13/2024.) Prior to the instant application, no motions to extend discovery deadlines or requests for a stay of discovery were before the Court. For reasons that follow, Plaintiffs' Motion to Reopen Discovery (ECF No. 44) and Defendants' Cross-Motion to Reopen Discovery (ECF No. 48) are **DENIED**.

### THE LEGAL FRAMEWORK AND DISCUSSION

As an initial matter, fact and expert discovery in this case concluded on December 31, 2024. (*See* Electronic Order dated 05/13/2024.) Since the conclusion of discovery, Plaintiffs represent that the parties have engaged in ongoing settlement negotiations, however, these discussions were never communicated to the Court and neither party moved for a stay during the duration of this action.

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotations and citations omitted). "[W]here there has been 'a fully adequate opportunity

---

[1] As noted in the Court's conclusion, the portion as to relief sought on precluding any expert disclosures, is ***denied with leave to renew***. Any renewed motion shall be filed in accordance with the undersigned's Individual Practice Rules, and not by letter motion. The Court will then, at the appropriate time, make a ruling on that issue.

2

for discovery' the trial court may consider whether additional discovery would yield dispositive evidence." *Jacobs v. New York City Dept. of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015) (emphasis added) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989)). Courts apply a six-part test when faced with an eleventh-hour request to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the nonmoving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Moroughan*, 320 F. Supp. 3d at 515. Addressing these factors militates against reopening discovery.

*First*, though a trial date has not been set, the Court previously set dates for the parties to file a Joint Pre-Trial Order ("JPTO") and scheduled a final pre-trial conference. *See Su v. Versa Cret Contracting Co.*, No. 21-cv-05697 (JMA) (JMW), 2024 WL 1704695, at *5 (E.D.N.Y. Apr. 19, 2024) (concluding the first factor weighed against reopening discovery where the parties were directed to submit joint pretrial orders). Indeed, the parties were aware of this as evidenced by their requests to extend such deadlines. (See ECF No. 43.) Accordingly, this factor weighs against re-opening discovery.

*Second* and *third*, the parties are clearly in disagreement regarding the re-opening of discovery, as Plaintiffs seek to re-open both fact and expert discovery, while Defendants seek to re-open expert discovery. Defendants oppose Plaintiffs' request, raising issues that good cause has not been shown and the Plaintiffs could have been conducting additional discovery over the past two years but voluntarily did not. (ECF No. 48 at 6.) This leads the Court to find potential

3

prejudice to Defendants if fact discovery were to now be reopened. Although both parties seek to reopen discovery in some fashion, the application need not be granted. *See Miehle-Kellogg v. Santanello*, No. 19-CV-4943 (GRB) (JMW), 2025 WL 3299428, at *2 (E.D.N.Y. Oct. 23, 2025) (denying joint application to re-open discovery as discovery was deemed closed "years ago" and there was no new newly discovered information). Thus, this factor weighs against re-opening discovery. *See Griffin v. County of Suffolk*, No. 23-cv-05032 (NJC) (JMW), 2025 WL 1073238, at *2 (E.D.N.Y. Mar. 11, 2025) (referencing *Cutrone v. BJ's Wholesale Club, Inc.*, No. 21-cv-00787 (OEM) (LGD), 2023 WL 8792674, at *2 (E.D.N.Y. Dec. 19, 2023) (denying the motion to reopen discovery where, among other factors, the opposition raised the underlying prejudice that would result from the court reopening fact and expert discovery)). As Defendants point out, extensive document discovery has already been completed, and reopening discovery for fact depositions would be time consuming, expensive for the parties, and further delay an already three-year-long case. (*See* ECF No. 48 at 10.).

*Fourth*, Plaintiffs were strangers to diligence in obtaining this information during the fact discovery phase considering the information was available during the discovery period. Neither party requested a stay and it has been well over a year since the discovery period closed. *Eisner v. United States*, No. 21-CV-06834 (OEM) (ARL), 2025 WL 638547, at *11 n.12 (E.D.N.Y. Feb. 26, 2025) (denying any request to reopen discovery) (citing and discussing *Glowczenski v. Taser Int'l Inc.*, 594 F. App'x 723, 725 (2d Cir. 2014) ("denial of motion to reopen discovery upheld where plaintiff waited nearly six months after learning its originally-disclosed expert would be excluded before moving to reopen discovery to introduce a substitute expert")); *see also Caicedo v. Home Depot U.S.A., Inc,* No. 21-CV-2219 (OEM) (CLP), 2026 WL 25367, at *11 (E.D.N.Y. Jan. 5, 2026) (summary judgment motion) ("Plaintiff thus had ample time to seek

4

to reopen discovery to question Kelly on these records, if he desired to do so. But he did not.") Although Plaintiffs argue that they acted diligently in light of both ongoing settlement negotiations and the recent change in position of defense counsel, these negotiations, again, were never communicated to the Court. (*See* ECF No. 50 at 5-6.) Plaintiffs further argue that they deferred seeking discovery during the pendency of the Rule 12 (c) motion. (*See id.*) However, the filing of a dispositive motion does not by itself halt discovery, as it must be accompanied by a court granted stay. *See Gagliano v. United States*, 24-CV-07930 (SJB) (JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (citing *Weitzner v. Sciton, Inc.*, No. 25-CV-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006) ("the filing of a dispositive motion in and of itself does not halt discovery obligations.")). Here, neither party requested a stay of discovery at any juncture.

*Fifth*, Plaintiffs had more than adequate time to pursue the now-requested discovery. As previously discussed, the discovery deadline was December 31, 2024. Plaintiffs argue that they could not foresee the need for additional discovery until the Defendants' changed their position on settlement on November 11, 2025. (*See* ECF No. 50 at 6.) Defendants argue that extensive paper discovery has been completed, and the scientific data that is material for this case has already been generated. (*See* ECF No. 48 at 11). Plaintiffs neglect to provide a good cause justification for why they did not complete the discovery prior to the deadline over a year ago. Therefore, since the discovery now sought could have been pursued long ago, this factor weighs heavily against Plaintiffs. *See Griffin*, 2025 WL 1073238, at *2.

*Sixth*, it is questionable at best whether the discovery Defendants seek will lead to relevant evidence. Plaintiffs seek depositions and expert disclosure and they argue that these are essential to the "highly fact-specific issues" in this action. (*See* ECF No. 50 at 7.) Defendants

5

argue that this case is about data, and additional fact discovery will not alter the data. (*See* ECF No. 48 at 11.) Defendants additionally argue that this case is based upon the Plaintiffs own actions, which they should already have knowledge and documentation on. (*Id.*) Plaintiffs had plenty of time to conduct depositions during discovery if they felt it was so vital to the case. The fact that the discovery deadline passed over a year ago, coupled with the allegation of the data-driven nature of this case, results in the sixth factor weighing against the parties.

Rule 1 of the Federal Rules of Civil Procedure commands that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Reopening discovery under the circumstances presented here run far afoul of that clear mandate. Accordingly, because the parties have not met their burden in demonstrating good cause to re-open discovery and considering all factors, the Court declines the invitation to do so.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reopen Discovery (ECF No. 44) and Defendants' Cross-Motion to Reopen Discovery (ECF No. 48) are **DENIED**, and discovery remains closed. In addition, the Court rules as follows:

(i)     the portion of Plaintiffs' opposition to preclude Defendants' expert disclosure (*see* ECF Nos. 50 at 8; 50-1) is **denied *with leave to renew*** on or before **February 20, 2026**. Any renewed motion on the preclusion issue shall be filed as a formal motion, and not by letter motion pursuant to the undersigned's Individual Practice Rules. (*See* Rule 3.)

(ii)    The parties shall appear for a Final Pretrial Conference on **April 9, 2026, at 10:00 AM** via the Court's Video Zoom.

(iii)    The parties shall further file a joint proposed pretrial order in compliance with the Honorable Orelia E. Merchant's Individual Rules, signed by counsel for each party on or before **April 2, 2026**.


Dated:  Central Islip, New York
        February 11, 2026

                                       **S O   O R D E R E D:**

                                       /S/ *James M. Wicks*
                                       JAMES M. WICKS
                                       United States Magistrate Judge